**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

MATTHEW SERVELLO,

                              Plaintiff,

                                                               1:18-CV-0777
        v.                                                         (LEK/DJS)

NEW YORK STATE OFFICE OF CHILDREN
AND FAMILY SERVICES,

                              Defendant.

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION and ORDER

       Presently before the Court is a request by Plaintiff's newly-retained counsel to extend the already expired discovery deadline. For the reasons that follow, Plaintiff's request is granted in part and denied in part.

### I. PROCEDURAL HISTORY

       This action was originally commenced on June 29, 2018, and at that time Plaintiff appeared *pro se*. Dkt. No. 1. On May 9, 2019, Plaintiff and defense counsel appeared for a Rule 16 scheduling conference. After receiving input from both sides, the court put in place a Uniform Pretrial Scheduling Order ("UPSO"). That Order provided in part that all discovery would be completed by November 4, 2019. Plaintiff actively engaged in discovery (both depositions and discovery demands) and motion practice, with the latter including two Motions to Compel, a Motion for a Court-issued Subpoena; and a Motion for Sanctions. Dkt. Nos. 28, 35, 45, & 52. Based upon this Court's review of the Motions

and the deposition questioning conducted by Plaintiff, as well as the Court's direct dealings with Plaintiff, it is evident that he possesses significant knowledge of the law in general, and the federal discovery process in particular. At certain points after the issuance of the UPSO, both parties came to the Court and asked for extensions of the discovery and motion deadlines, which requests were granted. *See* Dkt. Nos. 24, 26, 27, 31, 32, 36, & 38. Importantly, these requests were all made prior to the expiration of the discovery deadline. Discovery closed in this matter on May 29, 2020, a fact that was known to the parties, and was specifically noted in this Court's Text Minute Entry of June 11, 2020. Dkt. No. 32. After having filed Motions to Compel and an unsuccessful Motion for Sanctions, Plaintiff retained legal counsel. Dkt. No. 54.

After filing his notice of appearance, Plaintiff's counsel requested that the upcoming deadline for filing dispositive motions be extended while he reviewed the file. Dkt. No. 55. The Court granted that limited request. Dkt. No. 56. Then, on September 17, 2020, Plaintiff's counsel filed a letter with the Court requesting permission to do additional discovery, including five additional depositions together with significant additional requests for document production. Dkt. No. 57. Defense counsel opposes this extension. Dkt. No. 59. Plaintiff's counsel has now submitted a reply. Dkt. No. 60.

## II.  DISCUSSION

### A. The Effect of the Scheduling Order

Rule 16 of the Federal Rules of Civil Procedure provides that a court must issue a scheduling order in a civil action and such order "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." FED R. CIV. P. 16(b)(1) &

(b)(3)(A).  Once issued, a scheduling order "may be modified only for good cause and with the judge's consent."  FED. R. CIV. P. 16(b)(4).  In addition, Local Rule 16.1 expressly warns that "[t]he Court shall strictly enforce any deadlines that it establishes in any case management order, and the Court shall not modify these, even upon stipulation of the parties, except upon a showing of good cause." N.D.N.Y. L.R. 16.1(f).

"The importance of the [Uniform Pretrial Scheduling Order] to a district court's effective control and management of a case, cannot be overstated."  *Kassim v. City of Schenectady*, 221 F.R.D. 363, 365 (N.D.N.Y. 2003).  Such an order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."  *Id.* (internal quotation marks and citation omitted).  "Deadlines imposed under a Rule 16 scheduling order are not mere suggestive guideposts; they are meaningful deadlines established by the court, in consultation with the litigants, intended to insure that the ends of justice and the need for prompt and efficient adjudication of controversies are met."  *Syracuse Univ. v. Otis Elevator Co.*, 2010 WL 2680230, at *2 (N.D.N.Y. July 1, 2010).

### B.  The Good Cause Requirement

As noted above, "[i]n order to obtain relief from a scheduling order, a party must demonstrate good cause for the requested alteration."  *Wilcox v. RBS Citizens, N.A.*, 2009 WL 1813219, at *3 (N.D.N.Y. June 25, 2009) (citations omitted).  "To demonstrate good cause 'a party must show that despite their diligence the time table could not have reasonably been met.'"  *Id.* (quoting *Carnrite v. Granada Hosp. Group, Inc.*, 175 F.R.D. 439, 446 (W.D.N.Y. 1997)).  "Good cause requires a greater showing than excusable

neglect." *Id.* (quoting *Duval v. U.S Xpress Enterprises, Inc.,* 2005 WL 6021864, at *2 (N.D.N.Y. Oct. 13, 2005)).  One example of good cause is where there was an intervening event that was not foreseen by the parties or the court at the initial conference.  *Kassim v. City of Schenectady*, 221 F.R.D. at 366 (citing *Corkrey v. Internal Rev. Serv.*, 192 F.R.D. 66, 67 (N.D.N.Y. 2000)).  If the moving party cannot establish that it has proceeded with diligence, then the court's inquiry should stop.  *Id.*

Additionally, a party's present or former *pro se* status does not function as a substitute for an actual showing of "good cause."  *See Valentin v. City of Rochester*, 2016 WL 5661729, at *7 (W.D.N.Y. Sept. 30, 2016) (noting that a party's "*pro se* status does not relieve him of compliance with Rule 16(b)'s diligence requirement."); *Li v. Morrisville State Coll.*, 2010 WL 2735711, at *4 n.5 (N.D.N.Y. July 9, 2010) (citing *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006), *aff'd*, 434 Fed. Appx. 34 (2d. Cir. 2011)).

### C. Application

No good cause has been shown for the additional discovery request relating to documentary evidence, including emails and other records of the five purported comparators.  In this case the *pro se* Plaintiff submitted extensive discovery demands, to which Defendant has responded and continued to provide additional rolling production.  There has been no showing as to why Plaintiff was unable to pursue this documentation while the parties were engaged in discovery, and the Court will not extend discovery on this issue.

A slightly different situation exists regarding the request for additional depositions. Three of those deposition requests – Laurie Smith, Chris Sullivan, and Brian Ishman – were made by Plaintiff during the course of discovery. Unfortunately, at the time that they were made the COVID-19 pandemic was at its apex in New York, and the Attorney General's Office indicated it would be unable to produce those three witnesses. It is true that it does not appear that Plaintiff ever subsequently attempted to reschedule these depositions, or utilize his access to this Court in order to compel compliance. However, the fact that they were previously identified, coupled with the fact that each deposition is scheduled to last only an hour and to deal with Plaintiff's positive work performance, leads the Court to exercise its discretion and allow those depositions to go forward. As discussed at the recently held on-the-record telephone conference, the Court will require that the depositions be completed within 30 days. In order to protect the participants, the Court further directs that these depositions be done by remote means. It is Plaintiff's counsel's responsibility to serve subpoenas on the two witnesses who no longer work with the New York State Office of Children and Family Services.

As to the remaining witnesses, however, the Court finds that good cause is absent. Accordingly, the Court will not allow the deposition of Brian Washock or Migdalia Ramos-Esselin.

### D. Plaintiff's Request for a Subpoena

While still proceeding *pro se*, Plaintiff requested the Court issue a judicial subpoena for certain records. Dkt. No. 28. The Court discussed the proportional relevance and availability of the information sought from other sources at several

subsequent conferences. *See* Text Minute Entries for March 20, 2020 & June 11, 2020. The Court eventually directed Plaintiff to file a proposed subpoena for the Court's consideration. Dkt. No. 43. Plaintiff did not do so, but did file a letter discussing the information sought. Dkt. No. 44. Plaintiff appears to seek an unredacted copy of a March 20, 2017 Memorandum from the New York State Department of Civil Service. *Id.* If Plaintiff still believes this information to be relevant, his counsel may, on or before November 6, 2020, submit for the Court's consideration a proposed judicial subpoena for that document.

### III.  CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED**, that the Plaintiff's Letter- Motion to extend discovery (Dkt. No. 57) is hereby **GRANTED IN PART AND DENIED IN PART** as set forth above; and it is further

**ORDERED**, that the Motion deadline is extended to December 18, 2020; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order upon the parties in accordance with the Local Rules.

**SO ORDERED**.

Dated: October 29, 2020
       Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge